UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                              )
                                                   )
EMPLOYERS INTERNATIONAL, INC.    )        Case No. 6:07-bk-04481-KSJ
                                                   )        Chapter 7
                                                   )
          Debtor.                             )
                                                   )

MEMORANDUM OPINION

The debtor, Employers International, Inc., filed this Chapter 7 bankruptcy case on September 21, 2007. The Chapter 7 trustee, Scott R. Fransen, has located no assets to administer, and creditors need not file any proofs of claim. Thus, for all practical purposes, the case is essentially complete except for a dispute between two of the debtor's creditors—Amber Cape, et. al (the "G-54") and Varenko Investments ("Varenko").

These two feuding creditors, together with other related parties, are involved in pending litigation in at least three separate forums: (1) Brevard County, Florida, (2) Miami, Florida, and (3) the British Virgin Islands. The debtor is, at best, a tangential party in this litigation. The Court earlier entered an order allowing this non-bankruptcy litigation to proceed (Doc. No. 37). Simultaneously, the Court granted Varenko's request to examine the principal of the debtor, George C. Huff, under oath pursuant to Bankruptcy Rule 2004 (Doc. No. 36).

Varenko examined Mr. Huff on February 13, 2008. Attorney Richard Wolfe appeared on behalf of Varenko. He allowed William Hoilman, who represents the G-54, to attend the examination by telephone. Early in the examination, Hoilman raised objections to Wolfe's questions. Wolfe became frustrated with the interruptions and threatened to hang up the telephone, terminating Hoilman's attendance at the examination. Hoilman continued to object "on the basis that this is a joint litigation privilege." (Pg. 26, lines 1-2) Wolfe ignored

Hoilman's privilege objections and continued to question Huff. Hoilman then requested that the 2004 examination be terminated to allow the Court to determine the validity of the asserted privilege. (Pg. 39, lines 18-24). Wolfe responded by stating, "If you continue to interrupt the proceedings, we will disconnect the phone." Hoilman continued to object to the questioning. Wolfe then stated, "That's your last warning," and disconnected the phone. (Pg. 42, lines 16-21). Wolfe continued to examine Huff for considerable time thereafter insofar as the transcript of the testimony extends over 173 pages. Therefore, the vast majority of the testimony occurred when Hoilman was not present. The Court also observes that the questioning related more to issues raised in the litigation between the feuding creditors pending in other forums than to any issue relevant to this debtor or this bankruptcy case.

Given the abrupt termination of Hoilman's participation in Huff's examination, the G-54 filed a motion to strike or seal the transcript of Huff's 2004 examination (Doc. No. 71), arguing that, under any standard of professionalism and civility, one attorney cannot simply hang up on another attorney during the course of an examination. Varenko filed two pleadings in response (Doc. Nos. 83 and 92).

Varenko raises three arguments in defense of Wolfe's conduct. First, Varenko argues that Huff was not subject to a valid joint litigation privilege with the G-54. Second, Varenko argues that Hoilman was not properly admitted to the United States District Court for the Middle District of Florida and, therefore, could not participate in the examination. Third, Varenko argues that the G-54 had no legal right to attend the examination in the first place, and, as such, their abrupt dismissal was appropriate.

None of these arguments explain or excuse Wolfe's actions at Huff's examination. During any examination under oath, if a party in interest raises a question of privilege, the proper action is for the examination to cease in order for the appropriate court to rule on the validity of the privilege. Perrignon v. Bergen Brunswig Corp., 77 F.R.D. 455, 460-61 (D.C. Cal. 1978)

(Where a privilege objection is raised in a deposition, attorney should halt the deposition and apply for a protective order). Where parties cannot agree on the applicability of a claim of privilege, the issue must be resolved by the court, not unilaterally by an attorney. Attorneys can not ignore a privilege objection or substitute their judgment for that of a court on the issue of privilege, require the objecting party to leave an examination, and then continue to inquire into potentially privileged matters. Wolfe breached the boundaries of fair play and professionalism.

In rendering this ruling, the Court specifically does not rule as to whether the G-54's attorney was entitled to attend the examination in the first place. Varenko never sought any guidance from the Court as to whether attorneys for the G-54 could or could not attend the examination. Rather, Wolfe allowed the examination to start with Hoilman present. Because Varenko voluntarily allowed G-54's attorney to attend, it waived any right to later challenge his participation.

The Court also does not rule on the validity of the joint litigation privilege asserted by the G-54.[1] Rather, this Court defers to her sister courts on that issue. Those forums are more familiar with the issues and nuances of the dispute between Varenko and the G-54 and are better equipped to interpret the Joint Litigation Privilege Agreement between the G-54 and others.

The Court further rejects Varenko's argument that Wolfe could unilaterally terminate Hoilman's participation in the examination because Hoilman was not admitted to the United States District Court for the Middle District of Florida. However, other than the debtor's

---

[1] The joint defense privilege, commonly described as the "common interest rule" is an extension of the attorney client privilege and operates "to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir.1989) (citing Waller v. Financial Corp. of Am., 828 F.2d 579, 583 n.7; United States v. Bay State Ambulance and Hosp. Rental Serv., 874 F.2d 20, 28, (1st Cir. 1989). Confidential communications made during joint defense strategy sessions are privileged. U.S. v. Almeida, 341 F.3d 1318, 1323 (11th Cir. 2003) (citing Wilson P. Abraham Const. Corp. v. Armco Steel Corp., 559 F.2d 250, 253 (5th Cir.1977); Schwimmer, 892 F.2d at 243).

attorney, *none* of the other attorneys participating in Huff's examination were admitted to practice in this district, including Wolfe.[2] As such, Wolfe's argument that Hoilman was not properly admitted is specious insofar as Wolfe himself is not admitted to the district.

The primary issue raised by the G-54 in its motion to strike or seal the transcript of Huff's examination is whether Wolfe violated normal rules of professionalism. The Court finds that Wolfe demonstrated a callous disregard for the rules of civility and discovery. Upon Hoilman's privilege objection, Wolfe should have stopped the examination, sought a court ruling on the scope of the joint litigation privilege, and thereafter completed the examination. Instead, he rudely disconnected Hoilman from the examination and continued to examine Mr. Huff at length. As such, the Court will partially grant the G-54's motion (Doc. No. 71).

As an appropriate consequence, the Court will permanently seal the transcript of Mr. Huff's examination and direct that no one may use any portion of the transcript for any purpose in any forum. (The Court previously sealed the transcript and a copy of the Joint Litigation Privilege Agreement on a preliminary basis pending the consideration and issuance of this ruling. (Doc. No. 89)). Varenko further is prohibited from retaking Huff's 2004 examination because no valid *bankruptcy* reason exists to do so. Rather, judges in other forums can more aptly and appropriately decide if Varenko is entitled to depose Huff to resolve issues pending before those courts. Lastly, the Court declines to award sanctions to either Varenko or the G-54, although both have requested sanctions.

Varenko has filed two additional motions—a motion asking the Court to reconsider the entry of its preliminary sealing order (Doc. No. 93), and a motion asking for additional time to file any responses to the G-54's motion (Doc. No. 94). Because the Court is now permanently

---

[2] A search of the roster of admitted attorneys, updated every 24 hours and kept by the District Court for the Middle District of Florida, conducted on July 25, 2008, did not show Richard Charles Wolfe, William Scott (counsel for MedCap II, also appearing telephonically at the 2004 exam), or C. William Hoilman, Jr., or any reasonable permutations of those names, as being admitted to practice in this district.

sealing Huff's transcript, the Court denies any reconsideration. Similarly, Varenko did file a supplemental response (Doc. No. 92), which the Court considered in issuing this ruling. As such, the Court will deny Varenko's motion for additional time as moot. A separate order consistent with this Memorandum Opinion shall be entered simultaneously.

DONE AND ORDERED in Orlando, Florida, on July 30, 2008.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor: Employers International, Inc., George C. Huff, President, 2287 W. Eau Gallie Blvd., Suite B, Melbourne, FL 32935

Debtor's Counsel: David R. McFarlin, Wolff, Hill, McFarlin & Herron, P.A., 1851 West Colonial Drive, Orlando, FL 32804

Trustee: Scott R. Fransen, P.O. Box 536696, Orlando, FL 32853

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801

Carlos L. De Zayas, Esq., 1201 Brickell Avenue, 5th Floor, Miami, FL 33131

Kimberly Bonder Rezanka, Esq., 8240 Devereux Drive, Suite 100, Melbourne, FL 32940

Arthur C. Niewirth, Esq., Las Olas City Centre, Suite 1650, 401 East Las Olas Blvd., Ft. Lauderdale, FL 33301

Richard C. Wolfe, Esq., 100 S.E. Second Street, Suite 3300, Miami, FL 33131